## KENT COUNTY.

ALMA GORTON *et al. vs.* WILLIAM A. H. POTTER *et al.*

Trespass and ejectment was brought by the widow and heirs at law of B. to recover from C. lands formerly of B., but which had been leased to C. by the widow, as administratrix of B.

*Held*, that the action would not lie. It should have been brought either by the widow alone as lessor, or by the heirs alone as owners. The widow's only interest in the land being a mere right of dower, there was a misjoinder of plaintiffs.

In a Special Court of Common Pleas, a declaration in ejectment must contain an averment that the premises in question were an estate let. The case being defective in this matter also:

*Held*, that, under its broad powers to allow amendment, this court would allow, upon proper terms, such amendment of writ and declaration in the case at bar as was required to sustain the action.

EXCEPTIONS to a Special Court of Common Pleas.

This action was trespass and ejectment brought by the widow and heirs at law of one Benjamin T. Gorton, to recover from the defendants Potter and one Burdick possession of certain lands owned by said Gorton while living. The first count of the declaration charged a wrongful dispossession by both defendants. The second count charged the defendant Potter with having been tenant of "Alma Gorton, administratrix, and as agent of the plaintiffs," and with holding over after the expiration of the term of tenancy. The tenancy rested on a sealed instrument signed by "Alma Gorton, administratrix," and by "William A. H. Potter." Alma Gorton was widow and administratrix of Benjamin T. Gorton. Judgment was given for the plaintiffs, and the defendants excepted. The questions involved sufficiently appear from the opinion following.

*Providence, March* 2, 1889. MATTESON, J. We are of the opinion that this suit should have been brought either by Alma Gorton alone, in which case she as lessor would have been entitled to recover possession of the land sued for as against the defendant Potter, the lessee, and also against the defendant Burdick if holding as a tenant under Potter, on the principle that the lessee and those holding under him are estopped to deny the lessor's

title; or that it should have been brought by the other plaintiffs as the owners of the land sued for, who, upon proof of their ownership, would be entitled to recover against both or either of the defendants, if wrongfully detaining the possession. But we do not think that Alma Gorton can properly be joined as plaintiff in the same suit with the other plaintiffs, she having, so far as appears, no interest in the land sued for except a mere right of dower. In ejectment, to entitle the plaintiffs to recover, *all* of them must have the right to demand possession from the defendant, or the action will fail. *Waterman* v. *Andrews*, 14 R. I. 589, 599, and cases cited.

We think, too, that the declaration is defective as against the defendant Burdick. The first count charges the wrongful detention of the property by both defendants, but contains no averment that the premises sued for were an estate let. We think such an averment was necessary, the action being in a Special Court of Common Pleas. *Champlin* v. *Horton*, 12 R. I. 123. The second count sets forth a letting to the defendant Potter, and a wrongful detention by him, but contains no averment respecting the defendant Burdick.

We think the court below erred, in so far as its rulings were inconsistent with the views herein expressed, and we sustain the defendant's exceptions to that extent.

Under the broad powers conferred upon the court by Pub. Stat. R. I. cap. 204, § 34; cap. 210, §§ 4, 5; cap. 220, § 20, we think we have the power, and that it is our duty, to permit such amendments to the writ and declaration as may be necessary to sustain the action. For a similar exercise of such power, see *Hamilton* v. *Colt*, 14 R. I. 209, 214; *Waterman* v. *Andrews*, 14 R. I. 589, 599. We will, therefore, upon motion, permit the writ and declaration to be amended conformably hereto, on condition that no costs to this date be recovered against the defendants or either of them; and will then remit the case to the Special Court of Common Pleas for new trial, unless the defendants assent that judgment be entered here for the plaintiff or plaintiffs in such amended suit, for possession, without costs.

*Dexter B. Potter*, for plaintiffs.

*Samuel W. K. Allen*, for defendants.